MIAMI TOWN CO. vs MCNEILL.

Opinion delivered June 10, 1898.

*Appeal—Time for Filing Record—Dismissal.*

When the record is not filed within ninety days from the time of taking appeal and no good cause shown for the failure to file same, the appeal will be dismissed.

Appeal from the United States Court for the Northern district.

WM. M. SPRINGER, Judge.

The Miami Town Co. was allowed an appeal by the clerk of the Court of Appeals, from a judgment in favor of James McNeill. Appellee moved to dismiss by reason of appellants failure to file record within 90 days. Motion to dismiss sustained.

*H. H. McCluer,* for appellant.

*G. B. Denison,* for appellee.

PER CURIAM. At the January term of this court, an appeal taken in this case in the court below was here dismissed, upon the motion of appellee, for the failure of the appellant to comply with the rules of this court. Thereafter, on February 2, 1898, the appellant applied to the clerk of this court for allowance to him of an appeal, which was granted, and all proper process issued. There has been no transcript of the record of the case filed, although more than 90 days have elapsed since the appeal was taken. The appellee files a motion to dismiss the appeal on the ground that the transcript was not filed within the 90 days, as required by section 1271, Mansf. Dig. Section 1271 is as fol-

lows : " It shall be the duty of the appellant to file in the clerk's office of the Supreme Court, within ninety days after the appeal or writ of error is granted, an authenticated copy of the record, otherwise his appeal or writ of error shall be dismissed, but the Supreme Court may for cause shown extend the time for filing such copy." The statute, as above set out, not having been complied with, and no cause having been shown why the time for filing the transcript should be extended, the appeal in this case is dismissed.